

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:10-Cr-76-T-30TGW

KINDER MORGAN PORT
MANATEE TERMINAL, LLC.

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, KINDER MORGAN PORT MANATEE TERMINAL, LLC, ("PMT") and the attorney for the defendant, David Weinstein, Esquire, mutually agree as follows:

A. **Particularized Terms**

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One through Four of the Information. Counts One and Three charge the defendant with making a false representation in a document required to be submitted pursuant to the Clean Air Act, in violation of 42 U.S.C. § 7413(c)(2)(A). Counts Two and Four charge the defendant with failure to notify or report as required by a permit issued pursuant to the Clean Air Act, in violation of 42 U.S.C. § 7413(c)(2)(B).

Defendant's Initials DRD                                    AF Approval _____

2. <u>Maximum Penalties</u>

Defendant understands and agrees that the statutory penalties applicable to an organizational defendant for each felony count to which it is entering a plea of guilty are a maximum fine of either Five Hundred Thousand Dollars ($500,000.00), or twice the gross gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. § 3571(c) and (d); a term of probation of five (5) years, pursuant to 18 U.S.C. § 3561(c)(1); and a special assessment of Four Hundred Dollars ($400.00), pursuant to 18 U.S.C. § 3013(a)(2)(B). With respect to certain offenses, the Court *shall* order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court *may* order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. Under well-established principles of liability for business organizations and *respondeat superior*, as these principles apply in this case, the defendant that is a business organization is liable for the actions of its servants, agents and employees acting within the scope of their employment and for the benefit of the business organization.

The elements of Counts One and Three are:

    First:    The defendant knowingly made or caused to be made a false statement, representation, or certification;

Defendant's Initials     2

  Second: The statement, representation or certification was made or caused to be made in a notice, application, record, report, plan or other document required to be filed under the Clean Air Act;

  Third: The statement, representation or certification was material.

The elements of Counts Two and Four are:

  First: The defendant knowingly failed to notify or report

  Second: As required under the Clean Air Act.

4. **Indictment Waiver**

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. **Mandatory Restitution to Victim of Offense of Conviction**

Pursuant to 18 U.S.C. §§ 3663A(a) and (b), defendant agrees to make full restitution. At this time the parties are unaware of any identifiable victims.

7. **Applicability of Sentencing Guidelines**

Defendant understands and acknowledges that, at sentencing, the Court is required to consider the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). The parties

Defendant's Initials 

3

agree that Chapter 8 of the United States Sentencing Guidelines Manual governs the case with regard to any payment of restitution, community service, and probation. Regarding determinations of an appropriate fine, pursuant to Commentary for USSG §8C2.1, the provisions of §8C2.2 and §8C2.9 do not apply to counts for which the applicable guideline offense level is determined under Chapter Two, Part Q (Offenses involving the Environment). For such cases, §8C2.10 (Determining the Fine for Other Counts) is applicable on an advisory basis. USSG §8C2.10, in turn, directs the Court to apply the provisions of Title 18, United States Code, Sections 3553 and 3572 to determine the appropriate fine.

8. <u>Joint Sentencing Recommendation</u>

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and defendant agree to jointly recommend that the sentence to be imposed by the Court shall include the following components. The parties understand that such a recommendation is not binding on the Court and that, if not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement.

**A.** **Fine**: Defendant agrees to pay a criminal fine of Seven Hundred and Fifty Thousand Dollars ($750,000). This amount does not include the amount to be paid in the form of community service set forth below.

**B.** **Community Service Payment**: Defendant agrees to pay Two Hundred and Fifty Thousand Dollars ($250,000) in a community service payment. The parties agree that the community service payment shall be made to the National Fish & Wildlife Foundation (NFWF), a charitable and nonprofit corporation established

Defendant's Initials _[initials]_

4

pursuant to 16 U.S.C. §§ 3701-3709. The NFWF will designate the funds for a project targeted at environmental restoration, mitigation, and/or education in the Manatee County area.

The United States recommends that the Court additionally order as part of probation in this case that the Defendant shall not characterize, publicize, or refer to the Community Service Payment as a voluntary donation or contribution, nor shall the Defendant seek any reduction in its tax obligations as a result of having made the Community Service Payment.

**C.    Mandatory Special Assessment**: Defendant shall pay a special assessment for each count of conviction for a total aggregate amount of $1,600.00.

**D.    Payments**: Defendant agrees to pay the monetary penalty, including the fine and community service payments specified above, if the Court should so impose that penalty, including the special assessments, on the day of sentencing. Payment for the fine component is to be made in the form of a check payable to "United States District Court Clerk." Payment for the community service component is to be made in the form of a check payable to the "National Fish and Wildlife Foundation," Taxpayer ID No. 52 138 4139, and should reference the "Kinder Morgan Port Manatee LLC case" with its corresponding court docket number.

**E.    Probation**: The parties jointly recommend that the Defendant be placed on organizational probation for a period of two (2) years from the date of sentencing pursuant to 18 U.S.C. § 3561(c)(1) and USSG §§8D1.1 and 8D1.2. The parties recommend that the terms of probation include:

Defendant's Initials           5

(1) <u>No Further Violations</u>. Defendant agrees that it shall commit no further material violations of the Clean Air Act, including those laws and regulations for which primary enforcement has been delegated to the state authorities, and shall conduct all its operations in accordance with permits issued to it by the FDEP.

(2) <u>Payments</u>. Defendant agrees to make payment in full of the monetary amounts set forth herein including all special assessments, fines and restitution, and community service.

(3) <u>Environmental Compliance Plan</u>. Defendant agrees to fund and implement the environmental remedial measures set forth below during its term of probation, consistent with sentencing policies set forth in USSG §8D1.4.

a. The defendant shall retain a qualified, independent consultant, certified for USEPA Method 9 testing, to conduct all visible emission tests required under the Florida State Air Operating Permit for Facility ID Nos. 0810004 and 0810089 and any additional Air Program permits issued during the term of probation for defendant's Port Manatee Terminal (the "Facility");

b. The defendant shall retain a qualified, independent entity to inspect the baghouses and conveyor belt systems at the Facility on a quarterly basis and shall require the independent inspector to draft a report detailing the findings of the inspection. The defendant shall direct this entity to provide a copy of these inspection reports to the USAO, EPA and FDEP. Each agency shall provide to defendant's counsel, in writing, the name and address of the agency representative to whom such reports shall be provided.

Defendant's Initials                6

c. The defendant shall provide to the FDEP and USAO a Facility-wide maintenance and work practices plan within ninety days of the defendant's sentencing in this case. Each agency shall provide to defendant's counsel, in writing, the name and address of the agency representative to whom such a plan shall be provided. This plan shall be reviewed and approved by the FDEP and USAO. The plan will address the prevention or minimization of the potential to emit air pollutants from ancillary activities, including material storage areas, loading and unloading operations, waste disposal and raw material storage at the Facility. The plan will include an implementation schedule with specific requirements for equipment inspection (including inspection of baghouses and conveyor belt systems as described above), frequency of inspection, method of logging and tracking inspection and documentation and tracking of equipment maintenance at the Facility. The plan will require a certification signature page to be signed by the Facility's Terminal Manager, Environmental Manager and one corporate Regional Supervisor.

d. The defendant shall provide to the FDEP and USAO an employee training program for Facility employees within ninety days of the defendant's sentencing in this case. Each agency shall provide to defendant's counsel, in writing, the name and address of the agency representative to whom such program shall be provided. The program will be subject to review and approval by the FDEP and USAO. This program should include training for correct operation of equipment and air pollution control devices installed at the Facility. This program will also establish a schedule for initial and periodic training for new and current employees at the Facility. Additional training will be conducted when new permits are issued to the Facility. The defendant

Defendant's Initials _DAD_    7

shall document all completed employee training and shall provide such logs to the FDEP and USAO upon written request.

    e. The defendant shall provide a written report, via email or facsimile, to the FDEP, USEPA and USAO within 24 hours of the malfunctioning of any pollution control equipment at the Facility which causes any material violation of the Clean Air Act or of any permit issued thereunder. The defendant shall provide this report to the agency representatives identified pursuant to paragraph 8(E)(3)(e) above.

9. Application of the Agreement

This Agreement shall bind the defendant, its subsidiaries, successors-in-interest and assigns, if applicable. Defendant shall provide immediate notice to the United States Attorney's Office for the Middle District of Florida and the FDEP within two business days of any company name changes; any purchase or sale of new air pollution control equipment; any purchase, sale or reorganization or divestiture of the Facility, or any other change materially impacting upon or affecting this Plea Agreement. No change in name, change in company or individual control, business reorganization, change in ownership, merger, change in legal status, sale or purchase of assets, or similar action shall alter the defendant's responsibilities under this Plea Agreement. Defendant understands and agrees that it shall not engage in any action to seek to avoid the obligations and conditions set forth in this Plea Agreement.

10. Company Defendant

The undersigned company officer or representative of the defendant hereby certifies that he is authorized by the defendant limited liability company to act on its behalf, to plead guilty to the charge alleged in the Information, and to enter into this

Defendant's Initials _DRD_    8

plea agreement, and that a resolution so empowering said officer or representative has been duly made and approved by said limited liability company. Said defendant either has implemented or will, by the time of sentencing, implement an effective program to prevent and detect violations of law at the Facility, which program shall require the exercise of due diligence, requiring at a minimum that the company take the steps set forth in USSG §8B2.1. The defendant company further agrees that such a program may be made a special condition of probation, should the Court determine that a sentence of probation is appropriate.

**B.    Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials     9

2. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

3. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by

Defendant's Initials _PAD_           10

the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

4. Defendant's Waiver of Right to Appeal and
   <u>Right to Collaterally Challenge the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government

Defendant's Initials _ORD_     11

exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

5. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

6. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

7. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty

Defendant's Initials _DRD_                    12

or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

8. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

Defendant's Initials _DRD_   13

## FACTS

A.   The Clean Air Act ("CAA"), 42 U.S.C. § 7401 et seq., is the Nation's comprehensive air pollution statute. The CAA directs the Environmental Protection Agency ("EPA") to identify and set National Ambient Air Quality Standards for the most common air pollutants. 42 U.S.C. § 7409. "Ambient air" is the portion of the outdoor atmosphere that is accessible to the public. 40 C.F.R. § 50.1(c).

B.   EPA has identified and set standards for six "criteria pollutants" in the ambient air. 40 C.F.R. Part 50. One such criteria pollutant is "particulate matter" ("PM").

C.   The CAA delegates to the states the primary responsibility for attaining and maintaining ambient air quality standards by requiring states to develop State Implementation Plans ("SIPs") to implement, maintain, and enforce national ambient air quality standards. 42 U.S.C. § 7410. SIPs must be approved by EPA. The relevant approved portions of the Florida SIP are set forth at Fla. Admin. Code 62-204, 62-210, 62-212, 62-296, and 62-297. The primary section of the SIP relating to the issuance of permits for emissions from a stationary source is found at Fla. Admin. Code 62-210.300. The most recent comprehensive update of the Florida SIP was approved by EPA on February 28, 2003. Certain revisions in subparts of the SIP have been made as recently as June 1, 2009. 40 C.F.R. § 52.520 (Table).

D.   The Florida Department of Environmental Protection ("FDEP") is the state agency responsible for administering the SIP and issuing air permits pursuant to the SIP.

Defendant's Initials          14

E.    During the relevant time period, the defendant was subject to the requirements and prohibitions of preconstruction and operation air permits issued by the FDEP, including at least four permits issued by the FDEP since 2004. These permits, among other things, required the defendant to operate baghouse air pollution control systems when loading or unloading bulk material at the Facility. Baghouses are devices that can trap, filter, and separate fine particulate matter when operated and maintained correctly.

F.    In order to obtain an air permit or renew an existing air permit, the defendant was required to complete an application and submit it to FDEP. These applications are made on standard forms issued by the FDEP. Contained within the applications for these permits is a certification by the authorized representative of the entity applying for the permit. In the certification section, the authorized representative attests that the statements made in the application are true, accurate and complete. The authorized representative also attests to the following on behalf of the company:

> Further, I agree to operate and maintain the air pollutant
> emissions units and air pollution control equipment
> described in this application so as to comply with all
> applicable standards for control of air pollutant emissions
> found in the statutes of the State of Florida and rules of the
> Department of Environmental Protection and revisions
> thereof.

G.    From in or about 2001 through March 2008, multiple baghouses at the facility were in poor condition and several were not fully operational at various times during the period of the several permits. Local PMT management level employees at the Facility knew of the poor condition and limited operability of the baghouses. At no

Defendant's Initials     15

time prior to March 2008 did PMT report the poor condition and/or limited operability of the baghouses to the FDEP.

H.  On or about August 28, 2006, a local Facility manager and "authorized representative" of PMT executed a certification in an application for an operation air permit (No.: 0810004-012-AF), submitted to the FDEP, in which he falsely stated that he agreed to operate and maintain the air pollutant emissions units and air pollution control equipment described in the application so as to comply with all applicable standards for control of air pollutant emissions. That "authorized representative" had been advised by other employees of the poor condition and limited operability of the baghouses.

I.  On or about October 26, 2006, the defendant caused the FDEP to issue Final Air Permit No.: 0810004-012-AF for the defendant's Dry Bulk Material Handling and Storage Facility at the Facility.

J.  From in or about October 2006 through in or about March 2008, the defendant failed to notify or report to FDEP, as required by General Condition number 8 of Final Permit No. 0810004-012-AF, that several of its baghouse air pollution control devices were not being operated in compliance with conditions or limitations set forth in that permit.

K.  On or about April 9, 2007, the defendant caused FDEP to issue Final Air Permit No.: 0810004-011-AC for the defendant's Dry Bulk Material Handling and Storage Facility at the Facility.

Defendant's Initials          16

L.     From in or about April 2007 through in or about March 2008, the defendant failed to notify or report to FDEP, as required by General Condition number 8 of Final Permit No.: 0810004-011-AC, that several of its baghouse air pollution control devices were not being operated in compliance with conditions or limitations set forth in that permit.

M.     On or about August 13, 2007, a local facility manager and "authorized representative" of PMT executed a certification in an application for an operational air permit (No.: 0810004-013-AF), and submitted the same to the FDEP, in which he falsely stated on behalf of PMT that he agreed to operate and maintain the air pollutant emissions units and air pollution control equipment described in the application so as to comply with all applicable standards for control of air pollutant emissions.

N.     Following an internal audit of the Facility, the defendant self-reported the problems with the baghouses to the FDEP in March 2008.

9.     <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _DRD_            17

10. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 11th day of February, 2010.

_____
Corporate Officer or Authorized
Representative of KINDER MORGAN
PORT MANATEE TERMINAL, LLC
Defendant
David R. DeVeau
Deputy General Counsel

A. BRIAN ALBRITTON
United States Attorney

By: _____
CHERIE L. KRIGSMAN
Assistant United States Attorney

_____
DAVID WEINSTEIN, ESQUIRE
Attorney for Defendant

_____
ROBERT T. MONK
Assistant United States Attorney
Deputy Chief, Economic Crimes Section